THE SAINT JOSEPH'S HOSPITAL, Appellant, v. THOMAS ORMOND, Respondent.— Appeal from an order of the County Court of Westchester County, which affirmed an order of the City Court of Yonkers denying plaintiff's motion for judgment on the pleadings. Order unanimously affirmed, with costs. The allegations of the answer, read in connection with those of the complaint, are such as to raise triable issues which may not be the subject of disposition upon motion for judgment on the pleadings. The rights of the defendant under his pleaded affirmative defense will be litigated upon the trial. Present — Lazansky, P. J., Hagarty, Carswell, Taylor and Close, JJ.

JACK SILVERMAN and JOSEPH SILVERMAN, Appellants, v. FALLSBURGH HOLDING CORPORATION, Respondent, and RUTH SACKS, Also Known as RUTH SACHS, Defendant.— Action for damages for personal injuries suffered as a consequence of a fall by the plaintiff Jack Silverman upon a driveway, due to the presence thereon of snow and ice. Companion action by the plaintiff Joseph Silverman, his father, for loss of services. Judgment dismissing the complaint at the close of the plaintiff's evidence reversed on the law and the facts and a new trial granted as to the respondent Fallsburgh Holding Corporation, with costs to abide the event. The evidence established *prima facie* that the relation of landlord and tenant existed between the corporate defendant and the plaintiff Jack Silverman. It likewise established *prima facie* that the corporate defendant was guilty of negligence in respect of the presence of snow and ice on the driveway. The appeal as to the defendant Ruth Sachs has been withdrawn by stipulation. Lazansky, P. J., Hagarty, Carswell, Taylor and Close, JJ., concur.

PAULINE SINKO, as Administratrix, etc., of JAMES SINKO, Deceased, Appellant, v. THE CITY OF NEW YORK and STATEN ISLAND RAPID TRANSIT RAILWAY COMPANY, Respondents.— Action to recover damages for the death of plaintiff's intestate, who is alleged to have fallen from an outdoor stairway because of the negligence of the defendants in constructing and maintaining the structure. The trial justice held that the testimony of the only witness offered on the issue of causal connection between the alleged negligence and the death was incredible as a matter of law. Judgment reversed on the law and the facts and a new trial granted, with costs to appellant to abide the event. In the interest of substantial justice a new trial is required. Lazansky, P. J., Carswell, Johnston, Adel and Close, JJ., concur.

SIDNEY VOLLMAN and MINNIE VOLLMAN, Appellants, v. SUSSEX HOMES, INC., Respondent.— Plaintiffs appeal from order dated December 11, 1939, cancelling a notice of pendency of action, and from an order dated December 20, 1939, on reargument, adhering to the original decision. Appeal from order dated December 11, 1939, dismissed, without costs. Order dated December 20, 1939, affirmed, with ten dollars costs and disbursements. No opinion. Lazansky, P. J., Hagarty, Adel, Taylor and Close, JJ., concur.